**Irwin Trust**

*William Knox* and *Joseph H. Goldstein,* for petitioners.

WOLFE, P. J., February 17, 1970.—Before the court is a petition for termination of a trust instrument.

On October 17, 1947, Harold G. Irwin and Edna E. Irwin, as settlors of the trust, granted and conveyed certain realty situate in Pittsfield Township, Warren County, Pa., to Irene I. Delahooke, Adella I. Storch

and Harold G. Irwin, Jr., as trustees to hold for the education of the grandchildren of the settlors.

Paragraph 7 of the trust provided:

"This trust shall continue, except as hereinafter provided, until the last of said six children, or the last one of any children hereafter to be born, as above set forth, has graduated from college or university, or has reached the age of 23 years, whichever is sooner."

Paragraph 9 of the trust instrument provides, in part:

"The trust provided for herein may be terminated prior to the time set forth in Paragraph Seven hereof, by the unanimous action of said trustees, if, in their opinion, such action is considered the best course to follow. . ."

Following the execution of the trust, Harold G. Irwin, Jr., died and Theresa Sherk became a substitute trustee.

By earlier order of this court, the realty in the trust was sold and at the time of hearing on the pending petition the fiscal agent for the trust, Security Peoples Trust Company of Erie, held a corpus of $58,839.30 for disposition under the terms of the trust to the beneficiaries for educational needs, each to receive $800 maximum annually until each beneficiary shall have graduated from a university.

At the time of the hearing, seven children were entitled to share in the trust corpus and income all of whom are over 23 years of age, except one child born after the execution of the trust, namely, Victoria M. Storch, 16 years of age, the minor daughter of one of the trustees, Adella I. Storch.

The petition to terminate was filed by two of the trustees, namely, Irene I. Delahooke and Theresa Sherk, both taking the position that there was no further need to continue the trust, since ample provision could be made to set aside the share of the minor

beneficiary and that she would not be harmed in any manner.

Opposing the termination was the third trustee, Adella I. Storch, who contends that by the terms of the trust it was not to terminate until all of the beneficiaries graduated from a college or university or attained 23 years of age, whichever shall first occur and that further, notwithstanding that she is 54 years of age, there is a possibility there may be more issue born of her body.

The court does not decide the medical possibility of further issue being born to Mrs. Storch but, in passing, the court is not impressed with her position that there is a medical possibility of this occurrence. Certainly, if this becomes a real issue, medical testimony will have to support her position.

The court decides this case under the provisions of the trust instrument and, in particular, paragraph 7 as above cited.

It is well settled that the creator of a trust may specifically prescribe the duration of the trust. Generally, a trust will continue for the period of time fixed by its terms: C.J.S., Trusts, §92.

Petitioners argue, however, that notwithstanding that there still is a beneficiary under 23 years of age and who has not graduated from a college or university, there is no useful purpose being served in continuing the trust until Victoria Storch becomes 23 years of age, or has graduated from school as aforesaid.

Petitioners further argue that this refusal of the third trustee to join in the termination of the trust as provided under paragraph 9 thereof in order to obtain unanimity is tantamount to an abuse of discretion by a trustee which the court should correct. In this regard, petitioners cite Forrish v. Kennedy, 377 Pa. 370. This court does not disagree with the general

proposition that a court of equity can always intervene to control unreasonable exercise of discretion, but, as was pointed out in the Forrish case, while a court cannot control the discretion conferred upon the trustee, it may compel him to exercise it in good faith and within the bounds of a reasonable judgment.

This court is of the opinion that the refusal of the trustee, Adella I. Storch, does not amount to an abuse of discretion or bad faith. Indeed, it appears that the trustee is only insisting upon carrying out the terms of the trust as the settlors desired it. The settlors were very much aware that there may be afterborn children following the execution of the trust and the history of the trust shows that is exactly what happened.

Elsewhere in the trust, the settlors provided that by a majority consent of the trustees further funds could be used for postgraduate work of the beneficiaries. This leads the court to the conclusion that the settlors were very much aware that they could have the trust terminated by a majority of the trustees as they so provided for further dispensation of funds for higher education, but for some reason they did not see fit to do so.

In Grazier's Estate, 301 Pa. 423, a petition was filed by a majority of the beneficiaries, asking the court to end a trust. The court refused and the higher court affirmed.

By the terms of the testamentary trust, testator devised his stocks and bonds to trustees to pay the income therefrom to his widow for her life and thereafter to continue the trust for a further term of 10 years, paying the income to his three children and at the end of that time to divide the principal equally among the children; with a provision that, should the three children, after the death of the widow, unanimously decide to end the trust, they might do so within the 10-year period.

The widow and all three children survived the testator; however, opposing the termination was the Johnstown Trust Company, substitute trustee for one of the children who subsequently died.

The court held:

"There is no doubt in [our] mind . . . that when . . . John A. Grazier created this trust . . . his object was to take care of his widow so that she would not come to want . . . during her life. . . ; it is . . . evident that [this] was . . . satisfactory to [her], for she did not elect to take against his will; and even though she now [may desire] to end the trust created in her interest, we do not believe the Court should be a party to thwarting the intentions of the testator. . ."

The instant case does not differ in any material way from Grazier's Estate, supra, and this court has found no cases nor has any been cited to this court to the effect that the refusal of a trustee to join in the termination of a trust in direct contravention of the explicit terms of the longevity of the trust is an abuse of discretion or bad faith.

Therefore, the court makes the following order:

## ORDER

And now, February 17, 1970, the petition for termination of the trust and the citation awarded thereon is discharged and dismissed without prejudice. Costs to be paid by petitioners.